Isaac Nutovic (IN-2076)
Nutovic & Associates
488 Madison Avenue – 16th Floor
New York, New York 10022
(212) 421-9100

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                          Chapter 11
                                                Case No. 05-10987 (RDD)

MAYWOOD CAPITAL CORP., et al.,

                              Debtors.
---------------------------------------------------------------x

## DESIGNATION OF CONTENTS OF RECORD ON APPEAL AND STATEMENT OF ISSUES

Pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, Appellant, 125th Street Owner LLC, designates the following contents for inclusion in the record on appeal and sets forth the following issues to be decided:

                        A.     DESIGNATION OF CONTENTS

Bankruptcy Docket No.

| | |
|---|---|
| 106 | Motion to Approve |
| 107 | Ex. A to Motion to Approve |
| 108 | Ex. B to Motion to Approve |
| 109 | Ex. C to Motion to Approve |
| 166 | Motion to Approve |
| 192 | Motion to Approve |
| 377 | Motion for Sale of Property |
| 461 | Motion to Approve |

| | |
|---|---|
| 477 | Order granting Motion to Approve (re No. 461) |
| 465 | Motion to Approve |
| 476 | Objection on behalf of Commercial Mortgage Corporation |
| 477 | Objection of 65-67 East 125th LLC, 77-79 E. 125th LLC, SPC 1 LLC, SPC 2 LLC, SPC 3 LLC, SPC 4 LLC, SPC 5 LLC, SPC 6 LLC, SPC 7 LLC, SPC 8 LLC and Bodden Funding Corporation |
| 482 | Response of Chapter 11 trustee |
| 492 | Order |
| ___ | Transcript of hearing of December 10, 2007 |

B.   STATEMENT OF ISSUES.

1.   Did the Bankruptcy Court err, as a matter of law, in denying the chapter 11 Trustee's motion ("Approval Motion") to approve a contract ("Contract"), to sell certain properties ("Properties") to Appellant (which was not subject to higher offers), solely because of the presentment of a higher offer on the return date of the Approval Motion, where the Bankruptcy Court heard no testimony and received no evidence of the Trustee's business reasons for making the Contract not subject to higher offer in the first place and such testimony or evidence would have revealed that:

   (i) The Properties were not titled in the Trustee's name and were the subject of litigation by the Trustee to recover title;

   (ii) Appellant was the only prospective purchaser who was willing to enter into a binding contract and leave a 10% deposit while awaiting the results of the

    litigation;

    (iii)  By entering into the Contract while litigation was pending the Trustee was hoping to speed the Bankruptcy Court's resolution of the litigation and consummate final payment for the Properties earlier;

    (iv)  The prices of comparable properties and sales of similar lots on the same block demonstrated that the Trustee was receiving a premium over the prices of very recent sales;

    (iv)  Appellant had worked with the Trustee for two years to extract the unique value of three lots sold together and had provided the information necessary for the Trustee to package the deal?

2.  Did the Bankruptcy Court err, as a matter of law, by considering a higher offer for the Properties without first determining whether the Trustee had an adequate business justification for making the Contract <u>not</u> subject to higher offer?

3. In deciding the Trustee's motion to approve the Contract which did <u>not</u> provide for higher offers, did the Bankruptcy Judge err, as a matter of law, in considering an offer made on December 10, 2007 – three and a half months after the Contract was signed?

4.  Did the Bankruptcy Court err, as a matter of law, in denying the Approval Motion in that it substituted <u>its</u> business judgment based on events occurring on December 10, 2007, for the <u>Trustee's</u> business judgment based on the facts before him as of August 21, 2007?

5. Did the Bankruptcy Court apply the correct legal standard for approving or denying the Approval Motion?

6.  Did the Bankruptcy Court err, as a matter of law, by failing to conduct a hearing and

allow Appellant an opportunity to be heard on whether the Approval Motion should be granted?

Dated: New York, New York
        January 5, 2008

                         Nutovic & Associates
                         Attorneys for Appellant,
                         125th Street Owner LLC.

                By:___s/ Isaac Nutovic____
                         Isaac Nutovic (IN2076)
                         488 Madison Avenue, 16th Floor
                         New York, New York 10022
                         (212) 421-9100