UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                              :
In re:                                        :    Bankruptcy Appeal
                                              :    Case No. 08 Civ. 00942(DC)
MAYWOOD CAPITAL CORP., et al.,                :
                                              :
        Debtors.                              :
                                              :
------------------------------------------------------x

## AFFIDAVIT IN OPPOSITION TO MOTION FOR STAY

JOHN P. CAMPO, being duly sworn, deposes and says:

1.  I am a member of the firm of Dreier LLP, attorneys for Appellee John S. Pereira (the "Trustee") as Chapter 11 Trustee for Maywood Capital Corp. and its jointly administered debtors (the "Maywood Debtors").

2.  I make this affidavit in opposition to the motion for a stay pending appeal of Appellant 125th Street Owner LLC ("Appellant") from an order of the Bankruptcy Court that denied the Trustee's motion (the "Approval Motion") to approve pursuant to Section 363 of the Bankruptcy Code certain contracts (the "Contracts") for the sale to the Appellant of certain real properties (the "Properties") owned by three of the Maywood Debtors. The Bankruptcy Court denied the Approval Motion after the Trustee advised the Court that he had received a "higher and better" offer for the Properties.

3.  Preliminarily, it should be noted that the Appellant is not merely seeking to maintain the status quo pending the hearing on this appeal. Instead, the Appellant asks the Court to enjoin the Trustee from effectuating a subsequent final and non-appealable order of the Bankruptcy Court, which was entered without any objection from Appellant. In that order (the "Settlement Approval Order"), the Bankruptcy Court approved the settlement of the Trustee's

{00334462.DOC;2}

fraudulent conveyance actions against the "Irgang Entities" pursuant to which the Irgang Entities will retain title to the eight real properties (the "Eight Properties") which were the subject of those actions, including the three Properties relevant to this appeal, in return for, among other things, a payment of $15 million by the Irgang Entities to the Maywood Debtors' estates plus the waiver by the Irgang Entities of all their liens and claims in the Maywood Debtors' cases, bringing the total value of the settlement to approximately $25 million. The Settlement Approval Order was entered on February 22, 2008, and no timely appeal was filed from it by Appellant, or any other party.

4.  Not only is it inappropriate for the Court to enjoin the effectuation of the Trustee's settlement with the Irgang Entities, it is unnecessary to protect the interest of the Appellant on this appeal. The Appellant's brief on the merits of the appeal is already on file, and the Trustee's brief on the merits is being submitted simultaneously with this affidavit. If the Court can consider the merits of the appeal expeditiously, it need not be burdened with considering the application for a stay, because the Trustee and the Irgang Entities have already agreed not to "close" the settlement until March 21, 2008, and they will be prepared to argue the merits of the appeal on March 14, 2008, the return date of the motion for a stay, or any date the following week convenient to the Court.

5.  Alternatively, the Motion should be denied immediately because the Appellant has failed to meet the requirements for the issuance of a stay. Specifically, the Appellant has not demonstrated: (1) a strong likelihood of success on the merits of the appeal; (2) that they will suffer irreparable injury if the stay is denied; (3) that no substantial harm will be suffered by the Maywood Debtors' estates if the stay is granted; and (4) that the stay is in the public's interest.

### Probability of Success on the Merits

6.  The Trustee relies on his accompanying "merits" brief and memorandum of law to demonstrate that there is little or no likelihood of success to Appellant's appeal. In addition, even if this Court were to reverse and remand the order denying the Approval Motion for further consideration by the Bankruptcy Court, it is inconceivable, on the facts of this case, that the Bankruptcy Court would ultimately approve the Contracts under Section 363.

### Irreparable Harm to Appellant

7.  Although Appellant claims irreparable harm, its papers admit that it has commenced a lawsuit against the Trustee and the competing bidder, Rudd Development Group, LLC. While the Trustee believes that lawsuit has as little merit as this appeal, the pendency of the lawsuit demonstrates that Appellant has an adequate remedy at law for any grievance it may have in this matter.

### Harm to the Bankruptcy Estates

8.  Obviously, the potential harm to the Trustee's bankruptcy estates if a stay is granted is that the Trustee might be unable to "close" on the settlement with the Irgang Entities, and lose the benefit to the Maywood Debtors' estates of that $25 million bargain. For this reason, the Court should condition any stay it grants on a substantial, multi-million dollar bond, of at least $25 million plus interest.

### Public Interest

9.  In any bankruptcy case, the public interest argues against the entry of any stay that delays or hinders the public function that the Trustee, as an officer of the Court, performs in administering the assets of a bankruptcy estate. That is a particularly compelling reason for denying a stay here for the following reasons. At the time of their bankruptcy filing, the

Maywood Debtors had been placed in receivership by the New Jersey Superior Court, on the Complaint of the New Jersey Attorney General, who alleged that the Maywood Debtors had been part of a "Ponzi Scheme" that defrauded hundreds of elderly investors out of more than $40 million. These investors, and the New Jersey Attorney General and New Jersey state court Receiver claiming restitution on their behalf, are the largest unsecured creditors of the Maywood Debtors, and any delay in the implementation of the Trustee's settlement with the Irgang Entities, which will be the principal source of recovery for those investors, would be detrimental to the public interest.

WHEREFORE, it is respectfully requested that the Court deny the application for a stay pending appeal.


*s/John P. Campo*
John P. Campo

Sworn to before me on this
6th day of March, 2008


*Rebecca Tingey*
Notary Public

**Rebecca A. Tingey**
**Notary Public, State of New York**
**No. 02T16174912**
**Qualified in Kings County**
**Commission Expires October 1, 2011**