UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
 :
In re: : Bankruptcy Appeal
 : Case No. 08 Civ. 00942(DC)
MAYWOOD CAPITAL CORP., et al., :
 :
 Debtors. :
 :
 :
----------------------------------------------------------x

## APPELLEE'S MEMORANDUM OF LAW IN OPPOSITION TO APPELLANT'S MOTION FOR A STAY PENDING APPEAL

Appellee John S. Pereira (the "Trustee"), as bankruptcy trustee of Maywood Capital Corporation, by and through his undersigned counsel, respectfully submits this memorandum of law (the "Memorandum") in support of his opposition to the motion for a stay pending appeal of Appellant 125th Street Owner LLC ("Appellant") from an order of the Bankruptcy Court that denied the Trustee's motion (the "Approval Motion") to approve pursuant to Section 363 of the Bankruptcy Code certain contracts (the "Contracts") for the sale to the Appellant of certain real properties (the "Properties") owned by three of the Maywood Debtors. The Bankruptcy Court denied the Approval Motion after the Trustee advised the Court that he had received a "higher and better" offer for the Properties.

## STATEMENT OF FACTS

The Trustee incorporates herein the facts from the accompanying "merits" brief and from the accompanying Affidavit of John P. Campo (the "Campo Affidavit") in opposition to motion for stay.

## ARGUMENT

Federal Bankruptcy Rule 8005 governs the procedure for seeking a stay pending appeal. Fed. R. Bankr. P. 8005. Courts have held that to meet the criteria to obtain a stay, a party must

{00334502.DOC;2}

show "(1) a strong likelihood of success on the merits of the appeal; (2) that the movant will suffer irreparable injury if the stay is denied; (3) that no substantial harm will be suffered by the creditor if the stay is granted; and (4) that the stay is in the public's interest." In re 1567 Broadway Ownership Assocs., 202 B.R. 549, 552-553 (S.D.N.Y. 1996).

Before addressing the merits, however, it is important to note that the Appellant incorrectly cites to the standard for a granting a preliminary injunction to analyze whether the stay should be granted. The preliminary injunction standard, while analogous, is not the correct standard when determining a motion to grant a stay pending an appeal. In re General Credit Corp., 283 B.R. 658, 659 (S.D.N.Y. 2002). To obtain a preliminary injunction, a party must show either "likelihood of success on the merits" or "sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidingly in the movant's favor." In re General Credit Corp., 283 B.R. 658, 659 (S.D.N.Y. 2002). This standard is more lenient than the standard for a motion for a stay pending an appeal. For instance, the party seeking a preliminary injunction must show a "likelihood of success on the merits", instead of a "strong likelihood" or "substantial possibility" of success on the merits.[1] In re General Credit Corp., 283 B.R. 658, (S.D.N.Y. 2002). This burden is greater for the party seeking a stay pending appeal because there has already been a prior judicial ruling. In re Savage & Assocs., 2005 WL 488643 at *1 (S.D.N.Y. 2005); In re General Credit Corp., 283 B.R. 658, 659 (S.D.N.Y. 2002) ("[w]here, as here, a lower court has already ruled adversely to the proponent of the stay, respect for that ruling and concern for husbanding scarce judicial resources counsels a higher burden"). In addition, aside from the obvious differences between

---

[1] Certain courts have used the "strong likelihood" standard, while other courts have held that that the standard requires less than a strong likelihood of success, but rather, a substantial possibility of success. Compare In re General Credit Corp., 283 B.R. 658, 659 (S.D.N.Y. 2002), with In re 1567 Broadway Ownership Assocs., 202 B.R. 549, 552-553 (S.D.N.Y. 1996). In either instance, the burden is greater on a motion for stay pending appeal than on a preliminary injunction.

the two standards, a stay pending appeal requires that the movant establish <u>each</u> of the requisite elements to obtain a stay pending an appeal, not just one or the other. <u>In re 1567 Broadway Ownership Assocs.</u>, 202 B.R. 549, 552-553 (S.D.N.Y. 1996).

As described in more detail below, the Motion should be denied because the Defendant has failed to meet the criteria for a stay pending an appeal.

**A.     Success on the Merits**

The Defendant has not alleged sufficient facts which would demonstrate a "likelihood of success on the merits." In determining whether the movant can establish the "likelihood of success on the merits" element, courts consider the standard the appellate court will utilize when deciding the appeal. <u>In re 1567 Broadway Ownership Assocs.</u>, 202 B.R. 549, 553 (S.D.N.Y. 1996). The standard on appeal for bankruptcy court decisions is as follows: the bankruptcy court's findings of fact are reviewed under the "clearly erroneous" standard and the conclusions of law are reviewed de novo. <u>Id.</u>

The Trustee incorporates the arguments made in its "merits" brief to demonstrate that movant has little or no likelihood of success on the merits. In addition, even if this Court were to reverse and remand the order denying the Approval Motion for further consideration by the Bankruptcy Court, it is inconceivable, on the facts of this case, that the Bankruptcy Court would ultimately approve the Contracts under Section 363. Here, the Trustee has not only received a higher and better offer for the Properties, but also has entered into a settlement agreement with the Irgang Entities that is even more favorable to the estates, and which has been approved by the Bankruptcy Court without objection by Appellant.

For these reasons, and the reasons described in the merits brief, the Defendant has failed to demonstrate success on the merits, and, therefore, the Motion should be denied.

B.  **Irreparable Injury**

The Defendant has also failed to demonstrate irreparable injury. Although Appellant claims irreparable harm, its papers admit that it has commenced a lawsuit against the Trustee and the competing bidder, Rudd Development Group, LLC. While the Trustee believes that lawsuit has as little merit as this appeal, the pendency of the lawsuit demonstrates that Appellant has an adequate remedy at law for any grievance it may have in this matter. Prudential Ins. Co. v. BMC Indus., Inc., 662 F.Supp. 436, 440 (S.D.N.Y. 1987) (stay pending appeal denied due to failure to demonstrate irreparable harm based in part of the availability of a remedy at law). Thus, Appellant had failed to demonstrate irreparable harm.

C.  **Balance of Harm**

Obviously, the potential harm to the Trustee's bankruptcy estates if a stay is granted is that the Trustee might be unable to "close" on the settlement with the Irgang Entities, and thereby lose the benefit to the Maywood Debtors' estates of that $25 million bargain. Thus, the balance of harm weighs in favor of denying the Motion. Moreover, if the Court were to consider a stay for any reasons, the Court should condition any stay it grants on a substantial, multi-million dollar bond, of at least $25 million plus interest.

D.  **Public Interest**

In bankruptcy cases in general, public interest argues against the entry of stays that delay or hinder the public function that the Trustee performs in administering the assets of the estate. That is a particularly compelling reason for denying a stay in this case, for the reasons set forth in the Campo Affidavit. [cite to ¶] See In re Richmond Metal Finishers, 36 B.R. 270, 273 (Bankr. E.D. Va. 1984) ("[i]f there is a public interest in this matter, it is seeing that the purposes and policies of the Bankruptcy Code are not frustrated particularly the underlying policy of

bankruptcy law to help reorganize debtors and provide a 'fresh start' . . . . [i]n this regard any 'public interest' weighs against granting the stay").

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests entry of an Order denying Appellant's Motion and granting the Trustee such other and further relief the Court deems equitable and just.

Dated: New York, New York
March 6, 2008

DREIER LLP

By: ___s/John S. Kinzey___
John P. Campo (JC-5241)
John S. Kinzey (JK-4951)
Mark C. Haut (MH-0429)

499 Park Avenue
New York, New York 10022
Tel.: (212) 328-6100
Fax: (212) 328-6101

*Attorneys for John S. Pereira, as Chapter 11 Trustee*